IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

KEVIN MAURICE WILLIAMS,

                Plaintiff

VS.

MRS. CANTY, *et al.*,

                Defendants

NO. 5:05-CV-310 (CAR)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# O R D E R

Before the court are a number of motions regarding the taking of depositions in the above-styled case. Tabs ##62-66. Plaintiff has responded to the motions. The defendants have declined to reply to the plaintiff's response.[1]

The defendants' motions ask that the court reopen fact discovery until July 12, 2007 so that counsel for the defendants would have an opportunity to depose witnesses.[2] The defendants argue that as a result of a good faith discovery dispute, they were not made aware of the identity of these witnesses until after the close of fact discovery and that they have therefore not been given any opportunity to depose them.[3] The defendants' argument is not convincing.

The defendants served their First Interrogatories and First Request for Productions of Documents on Plaintiff on January 31, 2007, fifteen days before fact discovery was set to terminate. That being the case, even if the plaintiff had timely complied with the discovery request after February 14th, which was the date by which discovery was set to terminate, but within thirty days of the defendants' making their requests, fact discovery would have been closed and the defendants would not have been able to get depositions from the witnesses without an order of the court in any case.

---

[1] During a telephonic inquiry on July 1, 2007, Mary Beth Hand, attorney for the defendants, told the undersigned's law clerk that she felt the facts and issues were sufficiently before the court.

[2] In an order dated June 6, 2007, the undersigned permitted limited discovery relating to expert witness depositions through July 12, 2007 but did not reopen fact discovery. That order made clear that no more motions for extensions of time would be contemplated. Tab #61.

[3] As an initial matter, when proceeding *pro se*, the plaintiff made the defendants aware of the existence of the potential witnesses in a pleading that was filed on April 3, 2006 (Tab #33), so the defendants have been on notice of these potential witnesses for over a year.

Moreover, the defendants were aware that the court was not inclined to grant any additional extensions for discovery but still waited until more than two weeks after they had received the plaintiff's list of potential trial witnesses from plaintiff's counsel to even ask the court's permission to take their depositions. That delay created a situation whereby ten depositions would need to be taken within a two-week period, and counsel for the plaintiff would suffer a substantial inconvenience in having to be present for these depositions.

Additionally, through a telephonic inquiry, the undersigned has learned that counsel for the defendants has not attempted to interview the witnesses, an action that could spare counsel and the court the expense and time involved with taking a formal deposition. To the extent necessary, counsel for the defendants is granted permission to interview any potential witnesses who may be incarcerated in the custody of the Georgia Department of Corrections.

For the reasons set forth above, the plaintiff's Motions for Discovery (Tabs ##62-66) are **DENIED**.

SO ORDERED this 3rd day of JULY, 2007.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE