IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

KEVIN MAURICE WILLIAMS,

               Plaintiff

     VS.

MRS. CANTY, *et al.*,

               Defendants

NO. 5:05-CV-310 (CAR)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# ORDER

Pending before the court is the defendants' MOTION TO EXCLUDE THE TESTIMONY OF WING K. CHANG, M.D. Tab #72. Plaintiff KEVIN MAURICE WILLIAMS has responded to the defendants' motion, and the defendants have replied to the plaintiff's response. Tabs #75 and #84.

In a June 12, 2007, Supplement to his Expert Report (Doc. 72, Ex. D), Dr. Wing Chang outlined three opinions that he would offer at trial:

> (1) **Back pain.** It is my opinion to a reasonable degree of medical certainty that Mr. Williams sustained trauma to his back from the fall on the stairs in the form of an exacerbation of a pre-existing condition. As I testified in my deposition, back pain can be episodic and a fall could precipitate an episode.
>
> (2) **Spondylolysis or hairline fractures bilaterally to the pars interarticularis of the fifth lumbar vertebra.** Additionally, unless there is evidence available to substantiate the pre-existence of the spondylolysis or hairline fractures bilaterally to the pars interarticularis of the fifth lumbar vertebra, in my opinion it is more likely than not that this injury possibly resulted from the fall on the stairs.
>
> [3] **Predisposition to fall.** It would be "obvious to a trained medical professional" that it is not prudent to move a patient upstairs where he would have to travel up and down stairs, if the patient represents he will fall down the stairs, because the patient is wearing a boot that will "predispose him to a fall."

Plaintiff's Response To Defendants' Motion To Exclude, Tab #75 at 7-8. This evidence is sufficiently reliable and helpful to the trier of fact to be admissible under ***Daubert v. Merrill-Dow Pharmaceuticals***, 509 U.S. 579 (1993), Federal Rule of Evidence 702, and Federal Rule of Civil Procedure 26.

Regarding the first proposed opinion, the defendants aver that because Dr. Chang's testimony is that back pain *can* be episodic and a fall *could* precipitate an episode, and that it is not in any more definite terms, it is not helpful to the trier of fact. The defendants' argument is without merit: Dr. Chang has opined that to a reasonable degree of medical certainty, the defendant sustained trauma to his back from the fall on the stairs in the form of an exacerbation of a pre-existing condition. The additional language — which is the basis of the defendants' objection — simply modifies the original statement and provides a basis for his underlying opinion that the defendant **DID** sustain back trauma from a fall down the stairs. The remaining arguments the defendants make regarding the first statement (changes in testimony and that Chang is a paid expert) go towards credibility rather than admissibility and are therefore inappropriate in a motion to exclude testimony. Accordingly, Dr. Chang's first opinion will not be excluded.

Although Dr. Chang's second statement is poorly drafted and conveys some uncertainty, it is sufficiently helpful to the trier of fact to be admitted at trial, subject to cross-examination. With regard to spondylolosis or hairline fractures to the spine that "it is more likely than not that this injury *possibly* resulted from the fall on the stairs." His use of the term "possibly" suggests less than the reasonable degree of medical certainty required of medical experts. It appears that he cannot say with confidence that the back injuries revealed in the MRI taken on June 7, 2005 resulted from Plaintiff's fall. Nevertheless, his testimony will be helpful to the jury in determining this open question of causation.

As Dr. Chang points out, there are no scans of Plaintiff's spine taken prior to Plaintiff's fall. There are only Plaintiff's subjective complaints of lower back pain, the last of which occurred more than three months before his fall. Dr. Chang acknowledges that "the only way to know definitively about any injuries to the lumbar spine sustained in the June 3, 2005 fall on the stairs is to have objective imaging studies from before and after the accident for comparison." In the absence of such definitive evidence, the jury will have to make its decision based on the evidence that is available and may be assisted by Dr. Chang's opinion that Plaintiff's fall from the stairs was the sort of incident that could have exacerbated any preexisting condition and caused the injuries shown in the June 7th images. Defendant's arguments as to uncertainties or inconsistencies in Dr. Chang's opinion go to its weight more than its admissibility and are better suited to cross-examination than to a motion to strike.

The defendants argue that Dr. Chang's final opinion should be disallowed because his initial disclosures focused solely on the plaintiff's injuries and did not indicate that he planned to testify regarding the propriety of moving plaintiff Williams. The plaintiff has asserted that Dr. Chang's opinions — while not disclosed before his deposition — were still timely made during the discovery period. Moreover, the plaintiff argues that the admission of Dr. Chang's final opinion would have no adverse effect on the defendants. The undersigned agrees with the plaintiff on this matter.

As to the defendants' argument that "this is a situation where Plaintiff's expert adds nothing to the case except for what lawyers for the parties can argue in closing arguments," (Tab #84 at 8), while that contention may have some merit, the undersigned is not so compelled as to exclude that testimony at this point. Accordingly, Dr. Chang's final opinion will not be excluded.

## CONCLUSION

For the reasons set forth above, the defendants' MOTION TO EXCLUDE TESTIMONY is

**DENIED**.

SO ORDERED this 28th day of MARCH, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE